FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 1 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THOMAS L. CRITTENDEN,           )
                                )    NO. 04-CV-0201 AAM
            Plaintiff,          )
                                )    ORDER GRANTING PLAINTIFF'S
    v.                          )    MOTION FOR SUMMARY
                                )    JUDGMENT, *INTER ALIA*
JO ANNE B. BARNHART,            )
Commissioner of Social Security,)
                                )
            Defendant.          )

BEFORE THE COURT are cross motions for Summary Judgment. (Ct. Rec. 10, 20). Attorney Tom G. Cordell represents the Plaintiff; Chief Civil Assistant United States Attorney Pamela Derusha and Special Assistant United States Attorney Richard A. Morris represent the Defendant. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's motion for summary judgment and **REMANDS** the case for further proceedings.

## I.  JURISDICTION

On May 3, 1999, Thomas L. Crittenden (Plaintiff) filed for Disability Insurance Benefits and Supplemental Security Income benefits. (Tr. 59, 85). He alleged a disability of headaches, neck pain, depression, and injury to his right hand, with an onset date of October 28, 1998. (Tr. 106). His applications were denied initially and on reconsideration, and a request for hearing was timely filed on May 3, 2000. (Tr. 59, 60, 57). A hearing was held on June 5, 2001, before Administrative

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT,
*INTER ALIA*** -1-

Law Judge (ALJ) Lloyd Tunik, who found Plaintiff had not been severely impaired since the alleged onset date and denied benefits. (Tr. 46). Upon Plaintiff's request, the Appeals Council reviewed ALJ Tunik's decision and remanded the case for further proceedings. (Tr. 239). The Appeals Council ordered additional evidence and evaluation regarding Plaintiff's mental health impairments and specific findings and rationale for each functional area described. It also ordered further consideration of Plaintiff's maximum residual functional capacity (RFC) with specific references in support of the RFC assessment, and if warranted, vocational expert testimony to clarify the effect of Plaintiff's limitations on his ability to work. (Tr. 239-40).

Remand hearings were held on January 9, 2003 [1] (ALJ Tunik presiding) and August 1, 2003 (ALJ Richard Hines presiding). (Tr. 675-708, 709-33). On January 6, 2004, ALJ Hines found Plaintiff disabled since December 30, 2001, based on the Grids, and possibly eligible for Supplemental Security Income as of the protective filing date. [2] He found Plaintiff was not disabled prior to that date, and denied Disability Income Benefits.[3] (Tr. 22-29). Review by the Appeals Council was denied, and the Commissioner's decision became final on May 13, 2004. (Tr. 10). The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] There was no decision issued after the January 9, 2003 hearing.

[2] The protective filing date was mistakenly cited as February 25, 2001 in the decision and should read February 25, 1999. (*See* Tr. 22, 27, 42).

[3] The ALJ found Plaintiff was insured for Disability Insurance Benefits purposes through March 2001. This eligibility finding has not been challenged. (Tr. 28).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT,**
*INTER ALIA*                                    -2-

1  mental impairment which can be expected to result in death or which has lasted or

2  can be expected to last for a continuous period of not less than twelve months." 42

3  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall

4  be determined to be under a disability only if his impairments are of such severity

5  that the claimant is not only unable to do his previous work but cannot, considering

6  claimant's age, education and work experiences, engage in any other substantial

7  gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

8  1382c(a)(3)(B).

9       The Commissioner has established a five-step sequential evaluation process

10  for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920;

11  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

12       Step 1:  Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§

13  404.1520(a)(4)(I), 416.920(a)(4)(I).  If he is, benefits are denied.  If he is not, the

14  decision maker proceeds to step two.

15       Step 2:  Does the claimant have a medically severe impairment or combination

16  of impairments?  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)).  If the claimant

17  does not have a severe impairment or combination of impairments, the disability

18  claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

19       Step 3:  Does the claimant's impairment meet or equal one of the listed

20  impairments acknowledged by the Commissioner to be so severe as to preclude

21  substantial gainful activity?  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

22  C.F.R. § 404 Subpt. P, App. 1.  If the impairment meets or equals one of the listed

23  impairments, the claimant is conclusively presumed to be disabled.  If the

24  impairment is not one conclusively presumed to be disabling, the evaluation

25  proceeds to the fourth step.

26       Step 4:  Does the impairment prevent the claimant from performing work he

27

28  **ORDER GRANTING PLAINTIFF'S**
   **MOTION FOR SUMMARY JUDGMENT,**
   *INTER ALIA*                    -3-

1 has performed in the past?  20 C.F.R. §§404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At

2 this step, the claimant's residual functional capacity assessment is considered.  If the

3 claimant is able to perform his previous work, he is not disabled.  If the claimant

4 cannot perform his previous work, then the evaluation proceeds to the fifth and final

5 step.

6      Step 5:  Is the claimant able to perform other work in the national economy in

7 view of his age, education, work experience and residual functional capacity?  20

8 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

9      The initial burden of proof rests upon the claimant to establish a prima facie

10 case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

11 Cir. 1971).  This burden is met once a claimant establishes that a physical or mental

12 impairment prevents his from engaging in his previous occupation.  At step five, the

13 burden shifts to the Commissioner to show that (1) the claimant can perform other

14 substantial gainful activity; and (2) a "significant number of jobs exist in the national

15 economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9[th]

16 Cir. 1984).

17 ### III.  STANDARD OF REVIEW

18      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the court set out

19 the standard of review:

20      A district court's order upholding the Commissioner's denial of
benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th

21 Cir. 2000). The decision of the Commissioner may be reversed only if it
is not supported by substantial evidence or if it is based on legal error.

22 *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial
evidence is defined as being more than a mere scintilla, but less than a

23 preponderance. *Id.* at 1098. Put another way, substantial evidence is
such relevant evidence as a reasonable mind might accept as adequate to

24 support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
If the evidence is susceptible to more than one rational interpretation,

25 the court may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599

26 (9th Cir. 1999).

     The ALJ is responsible for determining credibility, resolving

27

28 **ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT,**
*INTER ALIA*             -4-

conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## IV.  STATEMENT OF THE CASE

Plaintiff, born on December 30, 1946, was 57 years old at the time of the August 1, 2003 hearing. (Tr. 656). He has a ninth grade education. (Tr. 112, 657). He was living with Gaylene Einspahr, his significant other of over 20 years with whom he has three children.[4] (Tr. 656-657). He has an earnings history that dates back to 1964, and over the last 15 years has worked as a fruit picker and a roofer. (Tr. 88, 115, 657). At the June 2001 hearing, Plaintiff testified that he stopped working due to increased back and leg pain and headaches. (Tr. 658, 660, 666). He testified he could not do household chores on a regular basis, and could sit or stand for only 10 to 15 minutes at a time and walk for a block. (Tr. 670-71).  He was taking medication for depression. (Tr. 673). At the January 9, 2003, hearing Plaintiff testified that the pain had spread down to his left leg and he was scheduled for back surgery. (Tr. 693, 700).  Vocational expert Dennis Dexter testified that Plaintiff's past work was medium level.  He opined Plaintiff's back injury would preclude any of his prior work, unless the back condition was mild.  Mr. Dexter also confirmed ALJ Tunik's observation that the case would "turn on pain and the significance of pain." (Tr. 702-03).

Medical expert Scott Linder, M.D., and vocational expert Jill Dempsey testified at the August 2003 hearing.  Plaintiff gave brief testimony regarding an injury to his right hand. (Tr. 713-19, 722-29, 730-32).

## V.  ADMINISTRATIVE DECISION

---

[4] Ms. Einspahr attended the June 2001 and January 2003 hearings, but was not sworn in for testimony. (Tr. 654, 676).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, *INTER ALIA***                                  -5-

1    At step one, ALJ Hines found Plaintiff had not engaged in any significant
2    substantial gainful activity since 1997. (Tr. 28). At step two and three, he found
3    Plaintiff has the severe impairment of degenerative disc disease of the lumbar spine,
4    but it did not meet or medically equal listed impairments in the Regulations. (*Id.*) At
5    step four, he found Plaintiff had the RFC to perform a significant range of light work
6    and sedentary work, with normal breaks at two hour intervals, 6 hour sitting,
7    standing and walking capacities, and lifting capacity of 20 pounds occasionally and
8    10 pounds frequently. He found non-exertional limitations for frequent bending,
9    stooping, twisting and repetitive overhead activities. ( *Id.*)

10    The ALJ found Plaintiff could not perform his past relevant work and had no
11    transferable work skills. (Tr. 28). Based on application of the Grids, he determined
12    that Plaintiff has been disabled since his 55th birthday on December 30, 2001. He
13    determined, however, that Plaintiff was able to perform a significant range of light
14    work prior to 2003. (*Id.*) Based on vocational expert testimony, the ALJ found that
15    prior to his 55th birthday, Plaintiff was capable of making a vocational adjustment to
16    the occupations of agricultural sorter, cashier and assembler. (Tr. 27, 29). The ALJ
17    did not make a credibility finding.

18                                **VI. ISSUES**

19    The question presented is whether the ALJ's decision is supported by
20    substantial evidence and is free of legal error. Specifically, Plaintiff contends that
21    the ALJ erred in finding an onset date of December 30, 2001, the date on which
22    Plaintiff became 55 and disabled according to the Grids. (Ct. Rec. 11, p. 4; Ct. Rec.
23    24, p.1). He contends that the ALJ erred in finding him capable of performing light
24    levels of work prior to that date due to his failure to: (1) properly evaluate testimony
25    from the medical expert; (2) consider the opinion of his treating physician; (3)
26    evaluate his or lay witnesses' credibility; (4) evaluate the effect of his hand injury;
27
28    **ORDER GRANTING PLAINTIFF'S**
      **MOTION FOR SUMMARY JUDGMENT,**
      *INTER ALIA*                    -6-

1  and (5) re-contact treating physician, Dr. Elali.  (Ct. Rec. 11, p. 3-4).

2  ## VII.  DISCUSSION

3        To obtain disability income benefits, Plaintiff must prove he was disabled for

4  12 continuous months prior to his date of last insured (DLI).  *Armstrong v.*

5  *Commissioner of the Social Security Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

6  Factors relevant in determining the disability onset date include Plaintiff's

7  allegations, work history and the medical evidence.  *Social Security Ruling (SSR) 83-*

8  *20.*  In establishing an onset date, the Ninth Circuit has consistently relied upon

9  Social Security Ruling (SSR) 83-20, which provides in pertinent part:

10  > [T]he date alleged by the individual should be used if it is consistent with all
   the evidence available. ... [T]he established onset date must be fixed based on
11  > the facts and can never be inconsistent with the medical evidence of record.

12  *Armstrong*, 160 F.2d at 589 (*citing SSR 83-20*).

13        In cases involving a slowly progressive impairment, vocational factors are

14  considered, e.g. when the claimant stopped working.  The existence of a disabling

15  level of severity, however, depends on the facts in the particular case.  *Morgan v.*

16  *Sullivan*, 945 F. 2d 1079, 1082 (9th Cir. 1991); *SSR 83-20*.  Where precise medical

17  evidence establishing an onset date is not available, the ALJ must infer onset based

18  on the record, the testimony of a medical advisor, and if necessary, information from

19  family members, friends and former employers.  The weight given lay evidence is

20  limited to the degree it is consistent with the medical evidence of record.

21  "Convincing rationale must be given for the date selected."  *Morgan*, 945 F.2d at

22  1082.

23

24  A.    Medical Evidence

25        Medical evidence is basic to the determination of the onset date.  *SSR 83-20.*

26  Plaintiff argues that the ALJ's finding that he could perform light work after October

27

28  **ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT,**
*INTER ALIA*         -7-

1  28, 1998, is not supported by the medical evidence, specifically the opinions of Dr.

2  Elali, Plaintiff's treating physician at Columbia Basin Health Association and

3  testimony by medical expert Scott Linder, M.D.

4         *1.    Dr. Elali, Treating Physician*

5         Plaintiff argues that Dr. Elali's opinion that he is limited to sedentary work

6  was not properly rejected, and Dr. Elali should have been contacted to review the

7  records and establish Plaintiff's onset date. (Ct. Rec. 11, p. 15). He asserts Dr.

8  Elali's opinion, if credited, would establish an onset date prior to his last date of

9  insured. (Ct. Rec. 11, p. 10).

10         It is settled law in the Ninth Circuit that in a disability proceeding, the treating

11  physician's opinion is given special weight because of his familiarity with the

12  claimant and his physical condition. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th

13  Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting

14  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *Lester v. Chater*, 81 F.3d

15  821, 830 (9th Cir. 1996); *Smolen v. Chater*, 80 F.3d 1273, 1285-88 (9th Cir. 1996);

16  *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995);

17  *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's

18  opinion is not contradicted, it can be rejected only with clear and convincing reasons.

19  *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if specific,

20  legitimate reasons that are supported by substantial evidence are given. *See Flaten*,

21  44 F.3d at 1463; *Fair*, 885 F.2d at 605.

22         The ALJ found Plaintiff not disabled prior to December 30, 2001. The first

23  report of record from Dr. Elali as Plaintiff's treating physician at Columbia Basin

24  Health Association is dated April 25, 2002, when Plaintiff saw him for back pain "of

25  months duration." (Tr. 347). In Dr. Elali's April and May 2002 reports, he refers to

26  Plaintiff's condition as "new onset back pain" and comments that "Patient has no

27

28  **ORDER GRANTING PLAINTIFF'S**
    **MOTION FOR SUMMARY JUDGMENT,**
    *INTER ALIA*              -8-

1    history of acute trauma" and "no history of back problems prior to this episode." (Tr.

2    347-48). In April 2002, X-rays showed an "essentially normal" lumbosacral spine.

3    (Tr. 352). In May 2002, a MRI showed a left L4-5 disk herniation/ protrusion, for

4    which orthopedic specialist Daniel Canfield, M.D. recommended cortisone

5    injections. (Tr. 367-68). Plaintiff did not get relief from the injections and surgery

6    was performed in January 2003. (Tr. 550, 555).

7         After surgery, another herniated disc was found on Plaintiff's left side in July

8    2003. (Tr. 627). Dr. Elali completed the physical capacities evaluation, relied upon

9    by Plaintiff in his argument, on June 19, 2003, after surgery on the first herniated

10   disc and before surgery on the second. (Tr. 629). Dr. Elali opined Plaintiff was

11   restricted to no standing or walking, but could sit 8 hours; could lift and carry up to

12   10 pounds frequently; use his hands for grasping, pushing and pulling, but not for

13   fine manipulating; use both feet for repetitive movements; and bend, squat, crawl,

14   climb and reach overhead occasionally. Dr. Elali concluded Plaintiff was moderately

15   restricted to activities involving unprotected heights, moving machinery and

16   exposure to dust, fumes and gases. (Tr. 629-30).

17        Plaintiff asserts that these restrictions to sedentary work should relate back to

18   before his herniated disc diagnosis and surgery. [5] (Ct. Rec. 11, p. 10). However,

19   prior to April 2002, David Hofheins, D.O. was Plaintiff's treating physician at

20   Columbia Basin Health Association. (Tr. 284-86, 331, 335, 337, 339, 341.) His,

21   opinions and observations, as well as those of other treating and examining medical

22

23        [5] "Sedentary work involves lifting no more than 10 pounds at a time and
24   occasionally lifting or carrying articles like docket files, ledgers, and small tools.
     Although a sedentary job is defined as one which involves sitting, a certain amount
25   of walking and standing is often necessary in carrying out the job duties. Jobs are
26   sedentary if walking and standing are required occasionally and other sedentary
     criteria are met." 20 C.F.R. §404.1567(a)
27

28   **ORDER GRANTING PLAINTIFF'S**
     **MOTION FOR SUMMARY JUDGMENT,**
     *INTER ALIA*                    -9-

1   sources for the period prior to March 2001, are relevant to the determination of

2   Plaintiff's disability for the period at issue here. (*See e.g.,* Tr. 168, 178, 182, 284-

3   86). As Dr. Elali's opinions relating to Plaintiff's restrictions are based on Plaintiff's

4   condition after April 2002, and are not inconsistent with the ALJ's finding of

5   disability after December 30, 2001, there was no error. Similarly, the ALJ was not

6   required to re-contact Dr. Elali to resolve any ambiguity or conflict in the evidence

7   relating to that time period. *See* 20 C.F. R. §§ 404 1513(e), 416 913 (e).

8       2.   *Dr. Linder, Medical Expert*

9       The ALJ must call a medical advisor when precise medical evidence is not

10  available, and an onset date has to be inferred from all the evidence. *Armstrong*, 160

11  F.2d at 590. Testimony of a medical advisor may be relied upon by the ALJ if the

12  opinions are supported by independent evidence in the record. *Andrews,* 53 F.3d at

13  1041, (*citing Magallanes v. Bowen,* 881 F. 2nd 747, 753 (9th Cir. 1989). The ALJ is

14  responsible for resolving conflicts and ambiguities in the evidence, and the

15  reviewing court may not second guess him if the evidence rationally supports the

16  ALJ's determination. *Id.* at 1039-40. The ALJ should set forth specific reasons for

17  the weight give to all acceptable medical source opinions. *See Andrews*, 53 F.3d at

18  1042.

19      Plaintiff argues the ALJ ignored Dr. Linder's opinions, and did not factor his

20  limitations into the final RFC. (Ct. Rec. 11, p. 6, 9). The RFC assessment is based

21  on all relevant evidence in the record, including but not limited to medical history,

22  laboratory findings, treatment results, daily activities during the relevant period, and

23  third party observations. *SSR 96-8p; 95-5p.* Based on the medical record, including

24  a new MRI presented at the August 3, 2003 hearing, Dr. Linder testified Plaintiff

25  suffered from degenerative disc disease with disk herniation. (Tr. 714-15). He

26  opined that general symptoms from Plaintiff's degenerative disc disease and

27

28  **ORDER GRANTING PLAINTIFF'S**
    **MOTION FOR SUMMARY JUDGMENT,**
    *INTER ALIA*          -10-

1  herniation would be "chronic back pain and some associate[d] leg pain," although

2  the evidence of record did not radiculopathy. [6]  (Tr. 715).  He testified he was not

3  sure if the symptoms would change over a period of time.  (*Id.*)  Regarding exertional

4  limitations given Plaintiff's condition at the time of the hearing, he opined Plaintiff

5  could lift up to 30 pounds occasionally, but should avoid any lifting frequently, and

6  never lift over 30 pounds. (Tr. 717).  He determined Plaintiff could occasionally

7  bend, stoop and twist, but should avoid those activities also.  (Tr. 716).  He opined

8  Plaintiff would have chronic low back pain aggravated by activity, and recommended

9  a work style that would allow for changes between sitting and standing as needed.

10  (Tr. 718).  Dr. Linder did not rule out pushing or pulling.  (*Id.*)

11       While the ALJ is not required to include all limitations proposed by Plaintiff's

12  counsel, he must include restrictions supported by the record.  If all limitations are

13  not included, the vocational expert testimony has no evidentiary value.   *DeLorme v.*

14  *Sullivan*, 924 F.2d 841, 850 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 423

15  (9th Cir. 1988).  The ALJ's hypothetical to the vocational expert was: an individual

16  capable of a  "full range of light work" with infrequent bending, stooping and

17  twisting.[7]  (Tr. 727).  He did not include a sit-stand option as recommended by Dr.

18

19  _____

20       [6]  "Radiculopathy" is damage to the nerve roots to and from the spinal cord
    caused by prolapsed disk or arthritis.  Symptoms include severe pain and weakness,

21  occasionally loss of feeling in the area supplied by the affected nerves.  *The*

22  *American Medical Association Encyclopedia of Medicine*, 847 (1989).

23

24       [7]  "Light" work involves "lifting no more than 20 pounds at a time with
    frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the

25  weight lifted may be very little, a job is in this category when it requires a good deal

26  of walking and standing, or when it involves sitting most of the time with some

27  pushing and pulling of arm or leg controls.  To be considered capable of performing

28  **ORDER GRANTING PLAINTIFF'S**
    **MOTION FOR SUMMARY JUDGMENT,**
    *INTER ALIA*                    -11-

1 | Linder, and he did not include restrictions due to pain chronic. *Id.* The vocational
2 | expert testified the hypothetical limitations would not preclude all light work, and
3 | identified several jobs in the national economy that Plaintiff could perform.
4 |       The ALJ's final decision included a RFC of "at least light and sedentary work
5 | activities . . . (with normal breaks, and at 2-hour increments), light level work
6 | consists of 6 hour sitting, standing and walking capacities, and a lifting capacity of
7 | 20 pounds occasionally and 10 pounds frequently."   He found Plaintiff had non-
8 | exertional limitations "for frequent bending, stooping, twisting and repetitive
9 | overhead activities." (Tr. 28).  Although it is within the ALJ's province to accept or
10 | reject a medical source opinion, he must give reasons for rejecting the opinions and
11 | explain the weight given. Here, the ALJ failed to address Dr. Linder's testimony,
12 | which must be considered in determining the disability onset date in cases, such as
13 | this, where the  medical evidence is imprecise.  *SSR 83-20.*  He did not articulate
14 | which specific medical facts and non-medical facts support each capacity limitation
15 | in the RFC.  *SSR 96-8p.*  In addition, as discussed below, he did not accept or reject
16 | Plaintiff's complaints of pain, a limitation identified by Dr. Linder and a significant
17 | component of the case, as recognized ALJ Tunik in the June 2001 hearing. (Tr. 703,
18 | 716).  This is legal error.  *See Smolen,* 80 F.3d at 1289; 20 C.F.R. §§ 404.1529,
19 | 416.929.
20 | / / /
21 | / / /
22 | / / /
23 |
24 | a full or wide range of light work, you must have the ability to do substantially all of
25 | these activities.  If someone can do light work, we determine that he or she can also
26 | do sedentary work, unless there are additional limiting factors such as loss of fine
27 | dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).
28 | **ORDER GRANTING PLAINTIFF'S**
    **MOTION FOR SUMMARY JUDGMENT,**
    ***INTER ALIA***          -12-

1    C.    *Plaintiff's Allegations*

2    Plaintiff correctly asserts that the ALJ did not address his credibility.[8] (Ct.

3    Rec. 11, p.12).  Plaintiff testified to significant pain and stated he could not work due

4    to back pain and neck pain. (Tr. 666, 693).  At the June 2001 hearing, he stated it

5    hurt him to bend over, and he could not stay in one position. (Tr. 659).  He also

6    complained of neck pain, jaw pain, problems with concentration and memory due to

7    pain, no energy and irritability. (Tr. 660).  He testified his pain totally disabled him

8    three to four times a week and he could not do regular chores around the house.  (Tr.

9    660-61).  He stated he could only sit 10–15 minutes at a time, stand 10 minutes and

10   walk no more than one block.  (Tr. 670).  He testified that he could not think or

11   concentrate due to the pain. (Tr. 669).  Once a condition that could reasonably cause

12   pain is established, the ALJ must evaluate the credibility of the claimant and can

13   reject the claimant's testimony only with specific, "clear and convincing" reasons.

14   *Smolen*, 80 F. 3d at 1281; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)

15   (en banc).  Here, Dr. Linder testified that Plaintiff's degenerative disc disease would

16   cause chronic back pain. (Tr. 715).  Although credibility determinations are the

17   province of the ALJ, the ALJ must be sufficiently specific to permit the court to

18   conclude the ALJ did not arbitrarily discredit claimant's testimony. *Thomas  v.*

19   *Barnhart,* 278 F.3d  947, 958-59 (9th Cir. 2002);  *Morgan*, 169 F.3d at 600 (specific

20   _____

21   [8] Plaintiff also argues the ALJ erred in not giving reasons for discrediting lay

22   witness testimony. (Ct. Rec. 11, p. 13). Lay testimony must be considered as "other
     source" evidence by the ALJ in evaluating symptoms and effects of a disability.  20

23   C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (the ALJ will consider evidence from other

24   sources regarding effect of impairment on claimant).  It can only be rejected by
     specific reasons in the decision that are germane to that witness. *Nguyen v. Chater*,

25   100 F.3d 1462, 1467 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

26   Cir. 1993) (*other citations omitted*).  On remand, the ALJ will give appropriate
     reasons for weight, if any, given to lay witness testimony.

27

28   **ORDER GRANTING PLAINTIFF'S**
     **MOTION FOR SUMMARY JUDGMENT,**
     *INTER ALIA*                                    -13-

1  reasons for credibility findings must be articulated and "grounded in the evidence");

2  *Fair*, 885 F.2d. at 604; *see also Bunnell*, 947 F.2d at 345-46.  If the credibility

3  finding is a critical factor in the ALJ's decision, it should be as comprehensive and

4  analytical as feasible, and the finding should be explicit whether the Secretary

5  believed or disbelieved the claimant.  *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th

6  Cir. 1981) (*quoting Baerga v. Richardson,* 500 F.2d 309 (3d Cir. 1974), *cert denied*,

7  420 U.S. 931(1975).  "In addition, the ALJ must specifically identify the testimony

8  she or he finds not to be credible and must explain what evidence undermines the

9  testimony." *Holohan*, 246 F.3d at 1208.   The court will not infer lack of credibility.

10  *Murray v. Heckler* 722 F.2d 499, 502 (1984).  As the court noted in *Murray,* it is the

11  policy of the Social Security Administration that specific findings be made in the

12  ALJ's decision regarding the credibility of pain allegations.  *Id.* (*citing* Social

13  Security Administration, Interim Circular No. 63, *Bureau of Hearings and Appeals*

14  *Handbook*  App.E.);  *see also Lewin*, 654 F.2d at 635; *Magallanes*, 881 F. 2d at 755;

15  *SSR 96-7p.*

16        An adjudicator "may not discredit a claimant's testimony of pain and deny

17  disability benefits solely because the degree of pain alleged by the claimant is not

18  supported by objective medical evidence." *Bunnell*, 947 F.2d at 345-46; 20 C.F.R.

19  §§ 404.1529(c)(2), 416.929(c)(2).  Thus, where a case turns on the reliability of a

20  claimant's allegations of pain, credibility findings are critical.   Absent evidence of

21  malingering, the ALJ must give clear and convincing reasons to discount Plaintiff's

22  pain testimony.  *Smolen*, 80 F.3d at 1281.

23        In summarizing Plaintiff's medical history, the ALJ referred to evidence of

24  malingering.  He noted Plaintiff's comments to two medical providers in 1999 that he

25  needed to get public assistance, and, due to his back child support obligations, it was

26  unlikely he would go back to work.  (Tr. 24).

27

28  **ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT,**
*INTER ALIA*                    -14-

1    In *Murray,* the adjudicator likewise summarized medical and other evidence,

2  but made no specific findings regarding the claimant's credibility. The court held that

3  the lack of specific credibility findings by the ALJ "leads us to conclude that he gave

4  these considerations no weight," and remanded for specific findings. *Id.* Here, the

5  ALJ's finding that: "As for [claimant's] physical complaints, it is clear from the

6  evidence of record that prior to 2002, with only arthritis discomfort, lower lumbar

7  strain, and induced gastritis indicated, the claimant had no significant physical or

8  exertional impairment conditions," (Tr. 25) is not sufficient to reject Plaintiff's

9  allegations of disabling pain, especially in light of Dr. Linder's opinion that Plaintiff

10  suffered from degenerative disc disease. *Bunnell*, 947 F.2d at 345-46. Although the

11  record includes evidence that might be a basis for a rejection of Plaintiff's pain

12  allegations, without the assertion of specific reasons by the fact-finder, the court

13  cannot assume Plaintiff's lack of credibility. *See Connett*, 340 F.3d at 874. Where

14  evidence has been identified that may be a basis for a credibility finding, but the

15  findings are not articulated, remand is the proper disposition. *Gonzalez v. Sullivan,*

16  914 F.2d 1197, 1202 (9th Cir. 1990).

## VIII. CONCLUSION

18    Specific findings regarding medical advisor opinions and the reliability of

19  Plaintiff's allegations of pain prior to December 30, 2001 are required to establish an

20  onset date. In addition, on remand lay witness testimony regarding Plaintiff's

21  symptoms should be evaluated. Once proper credibility and medical evidence

22  findings are made, a new RFC analysis that includes any limitations caused by pain

23  and other symptoms should be conducted and presented to the vocational expert for a

24  step five finding. Specific findings regarding the basis for the RFC should be

25  included in the decision. Plaintiff may present new evidence, if available, regarding

26  his hand injury. Accordingly,

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT,
*INTER ALIA***                              -15-

**IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 10**) is **GRANTED** in part and the above captioned matter is **REMANDED** for additional proceedings as outlined above and pursuant to sentence four of 42 U.S.C. § 405(g)

    2. Defendant's Motion for Summary Judgment (**Ct. Rec. 20**) is **DENIED.**

    3. Judgment shall be entered for the **PLAINTIFF**. An application for attorney fees may be filed by separate motion.

    4. The District Court Executive is directed to enter this Order, forward copies to counsel, and thereafter shall close this file.

    DATED this ___11___ day of May 2005.


_____
ALAN A. McDONALD
SENIOR UNITED STATES DISTRICT COURT JUDGE

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*    -16-